# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRANG HEATING AND AIR CONDITIONING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAYTON CONSTRUCTION CO., INC., a Utah corporation, et al.,<br><br>Defendants. | CASE NO. 1:10-cv-01957-LJO-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL ARBITRATION<br><br>(Doc. 19) |

Plaintiff Strang Heating and Air Conditioning, Inc., moves for an order compelling Defendants to arbitrate their dispute as provided in the parties' subcontract. Having reviewed the subcontract and applicable law, the Court concludes that the subcontract does not require binding arbitration.

**I.      Procedural and Factual Background**

On or about May 29, 2009, Plaintiff, a licensed HVAC contractor, entered a subcontract with Defendant Layton, the general contractor, to provide air conditioning equipment and related labor, equipment, and services for the renovation of Tenaya Lodge in Fishcamp, California. The

1

subcontract provided that, for disputes not involving the property owner, before initiating any legal action of procedure, a subcontractor must follow the dispute resolution procedure set forth in Section 10.2.  Under Section 10.2.1, the subcontractor must first submit all disputes or claims in writing to the project manager, whose decision shall be final, conclusive and binding on the subcontractor.  If the subcontractor wishes to appeal the project manager's determination, it must give the project manager detailed written notice of the grounds of its appeal within five days of his or her determination.

Within ten days of the appeal, principals of the contractor and subcontractor shall meet to produce evidence and reach a mutually agreeable resolution.  If the parties can agree on a resolution within ten days thereafter, the decision is to be reduced to writing and will be final, conclusive and binding on both parties.  If the parties cannot mutually resolve the disagreement, they may endeavor to resolve the dispute through mediation.  The subcontractor may simultaneously file a law suit, but legal proceedings shall be stayed to permit mediation within sixty days of filing.  If the parties reach an agreement in mediation, it is enforceable as a settlement agreement.

> If Subcontractor and Contractor cannot reach a resolution of such claims in mediation, ***the dispute shall be resolve by litigation*** in a court of competent jurisdiction in the State of Utah (unless applicable law requires such litigation to be conducted in the jurisdiction where the project is located, in which case litigation shall be commenced and conducted in the jurisdiction in which the Project is located), ***unless Contractor elects binding arbitration by written notice to Subcontractor,*** in which event binding arbitration shall be conducted pursuant to the Construction Industry Arbitration Rules of the AAA in Salt Lake City, Utah, unless 9a) another location is mutually agreed upon by the parties or (b)

///

///

2

applicable law requires that the location be where the Project is located (in which case the arbitration shall be commenced and conducted in the jurisdiction where the project is located).

Doc 19-3 at 23 (*emphasis added*).

Plaintiff filed this breach of contract suit on October 19, 2010. Plaintiff maintains that, on or about November 2010, it agreed to Layton's arbitration demand. Layton states that, on November 17, 2010, it reminded Plaintiff that the subcontract required mediation and agreed with Plaintiff to table any discussion of arbitration until after mediation had occurred.

The parties submitted their dispute to mediation on March 3, 2010, but were unable to settle the suit. Thereafter, Plaintiff expected the dispute to proceed to binding arbitration. When Layton declined to request arbitration, Plaintiff demanded arbitration. Layton declined to proceed to arbitration, asserting that the parties had waived their right to arbitration and that arbitration was undesirable in a case involving resolution of a subcontractor's construction liens.

On May 24, 2011, Plaintiff moved compel arbitration, contending that Article 10 of the subcontract provides for cooperative mediation followed by binding arbitration.

**II.   Discussion**

"The right to arbitration depends on a contract." *Boys Club of San Fernando Valley, Inc. v. Fidelity and Deposit Co. of Maryland*, 6 Cal.App.4th 1266, 1271 (1992). "[A] party can be compelled to submit a dispute to arbitration only where he has agreed in writing to do so." *Id.* "The party seeking to compel arbitration bears the burden of proving that an arbitration agreement exists." *Crippen v. Central Valley RV Outlet, Inc.*, 124 Cal.App.4th 1159, 1166 (2004).

///

A party who believes that it is a party to a written agreement to arbitrate may move the court to issue an order compelling arbitration. *Banner Entertainment, Inc. v. Superior Court of Los Angeles County*, 62 Cal.App.4th 348, 356 (1998). Such an motion is nothing more than an equity action for specific performance of a contract provision, i.e., the agreement to arbitrate. *Id.*

In this case, the contract does not mandate arbitration, but merely grants the Contractor the right to elect to pursue arbitration if the dispute has not been resolved by mediation. Its default position is that litigation proceed following mediation. After the unsuccessful mediation here, Layton declined to elect arbitration. Plaintiff has not provided a written demand for arbitration. Instead, Plaintiff attempts to bootstrap a written request to arbitrate from informal e-mail discussions between the parties' attorneys and Layton's November 2010 request. Not only is there no explicit written arbitration demand, but the very language on which Plaintiff's attorney relies for the proposition that Layton's attorney made a written arbitration demand supports the contrary conclusion: Layton's attorney wrote, "[T]here is a binding arbitration provision in the subcontract which we can discuss should the matter not settle at mediation." Doc. 22-1 at 5. At the same time, Plaintiff's attorney questioned the enforceability of a one-sided arbitration provision such as the one in the subcontract if Layton were to elect to demand arbitration. Doc. 22-1 at 6.

If there is no agreement to arbitrate, there is no contract provision to be specifically enforced. *Boys Club*, 6 Cal.App.4th at 1271. Public policy does not favor arbitration of disputes when the parties have not agreed to arbitrate. *Id.* Because the parties did not make such an agreement here, nothing exists to be specifically enforced.

///

Similarly, since the contract does not provide Plaintiff the option of electing binding arbitration, there was no arbitration provision for Plaintiff to waive.

Plaintiff's motion to compel arbitration is DENIED.

IT IS SO ORDERED.

**Dated:** **August 3, 2011**                    **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE