IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRANG HEATING AND AIR CONDITIONING, INC., a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>LAYTON CONSTRUCTION CO., INC., a Utah corporation; and SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>        Defendants.<br><br>AND RELATED COUNTER-CLAIM. | **New/Temporary** Case No. (Doc. 34)<br>1:10-cv-01957-SMS   (Doc. 33)<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Expert Disclosure Deadline: 2/1/12<br><br>Supplemental Expert Disclosure Deadline: 2/15/12<br><br>Discovery Deadline:<br>2/15/12 (non-expert)<br>3/15/12 (expert)<br><br>Non-Dispositive Motion Filing Deadline: 3/22/12<br><br>Dispositive Motion Filing Deadline: 4/30/12<br><br>Settlement Conference Date: *not applicable at this time*<br><br>Pre-Trial Conference Date: 7/24/12, 10:30am, Ctrm. 8/**BAM**<br><br>Trial Date: 9/10/12, 9:00am, Ctrm. 8/**BAM** (JT ~ 7 days) |

    1.    Date of Scheduling Conference:

           September 22, 2011.

1

1      2.    Appearances of Counsel:

2           Charles E. Brumfield, Esq., appeared telephonically on
3  behalf of plaintiff.

4           Richard J. Wittbrodt, Esq., and Lynsey M. Eaton, Esq., of
5  Gibbs, Giden, Locher, Turner & Senet, LLP, appeared telephonically
6  on behalf of defendant.

7      3.    The Pleadings:

8           A.    Summary of the Pleadings.

9                 <u>Plaintiff's Contentions</u>

10          Plaintiff is engaged in the business of air
11 conditioning systems.  Defendant is a Utah corporation engaged in
12 the business of general contracting.  Delaware North Companies is a
13 Delaware corporation engaged in the business of hospitality,
14 lodging, parks and resorts, and food service.  The real property
15 that is the subject of this action is located in the City of Fish
16 Camp, County of Mariposa, CA, and is commonly known and described
17 as Tenaya Lodge, located at 1122 Highway 41, Fish Camp, CA, 93623
18 ("the Subject Property").  Delaware North was, and remains, the
19 owner or reputed owner of the Subject Property.

20          Delaware North, as owner, entered into an original
21 contract with defendant as prime contractor for the construction of
22 a work of improvement on the Subject Property.  On or about May 29,
23 2009, plaintiff and defendant entered into a written agreement in
24 which plaintiff agreed to furnish labor, services, equipment,
25 and material for a work of improvement on the Subject Property.
26 Between June 11, 2009 and June 23, 2010, pursuant to the above-
27 described Agreement, plaintiff furnished a combination of labor,
28 services, equipment, and material that was used and intended to be

2

1  used in the work of improvement on the Subject Property.  The
2  labor, services, equipment, and material furnished by plaintiff has
3  a reasonable and current market value of at least $471,760.00,
4  which defendant agreed in writing to pay, and of which $221,532.79
5  remained unpaid at the time the lien claim was recorded and the
6  time this action was filed.

<u>Defendant's Contentions</u>

Count I of defendant's Counter-Claim is based on alleged multiple breaches by plaintiff of the agreement between the parties.  Count II of defendant's Counter-Claim is based on express indemnity and the indemnity provision in the contract.  Defendant alleges plaintiff failed to timely perform its work in accordance with project schedules thereby delaying, interfering, and prolonging work with regard to major components of the Subject Property; failed to provide work which conformed to the specifications in the Subcontract Agreement and with industry standard; and, failed to pay its subcontractors and suppliers despite receiving funds from defendant to do so.

B.   Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

4.   Factual Summary:

A.   Admitted Facts which are deemed proven without further proceedings.

(1)   This matter arises from the remodel of the Tenaya Lodge at Yosemite located at 1122 Highway 41, Fish Camp, CA.

(2)   In or around May of 2009, defendant entered into a written agreement with Delaware North whereby defendant was to provide the services of a general contractor for the Project.

3

1        (3)   On or around May 29, 2009, defendant entered into a subcontract agreement with plaintiff for $495,000.00 for plaintiff to install the heating, ventilation, and air conditioning at the Project.

        (4)   Defendant and plaintiff executed change orders to the contract reducing the contract total sum from $495,000.00 to $473,547.00.

        (5)   Defendant has paid plaintiff the total of $250,477.21.

        (6)   Furthermore, subsequent to the filing of the instant matter, defendant paid one of plaintiff's suppliers the sum of $66,000.00.

        B.   Contested Facts by Plaintiff.

        Because of causes wholly independent of any performance issues with plaintiff, the Tenaya project fell well behind schedule.  At a time at which plaintiff asserts it was not in breach of contract, defendant made certain demands regarding plaintiff sequencing and personnel that plaintiff asserts were unreasonable and not in accordance with the contract.  Plaintiff requested a change order which was declined by defendant.  Instead, defendant claimed that plaintiff had breached the contract and defendant thereafter retained the supplemental services of Blue Mountain to work on plaintiff's scope of work.  Plaintiff asserts that this action was legally unjustified and that the Blue Mountain cost of "mitigation" must be wholly borne by defendant.  Plaintiff worked on the Project until substantial completion but has been paid nothing as to the third "stage" of the remodel.  This, in the view of plaintiff, constitutes a material breach of contract by

4

1  defendant.  Because of this asserted defendant breach, plaintiff
2  could not pay many of its Tenaya vendors, nor has it received any
3  compensation as to its expended costs or profits as to this third
4  stage or phase.  Indeed, plaintiff asserts that it is owed for the
5  entirety of the project amount with one exception (monies released
6  by defendant many months after the filing of this action to US AIR,
7  one of plaintiff's Tenaya vendors that had recorded an independent
8  mechanic's lien on the Project and had caused a state court action
9  against the Owner to be filed to foreclose thereon).
10            C.   Contested Facts by Defendant.
11                 Defendant alleges that plaintiff's work on the
12 Project was fraught with delay (e.g., lack of proper and number of
13 personnel on the Project, very short work weeks, etc.), poor
14 workmanship and lack of supervision.  Defendant alleges that, due
15 to plaintiff's lack of performance pursuant to the contract,
16 defendant was forced to supplement plaintiff's work forces with
17 another subcontractor.  Defendant further alleges that defendant
18 has received claims from over ten subcontractors and suppliers to
19 plaintiff on the Project, that plaintiff failed to pay such
20 subcontractors and suppliers and has demanded immediate
21 performance by defendant.  While defendant has disputed and
22 investigated these claims, it is certain that if any damage exists
23 they are a result of the performance or lack thereof by plaintiff.
24       5.   Legal Issues:
25            A.   Subject matter jurisdiction.
26                 Plaintiff contends that jurisdiction arises pursuant
27 to 28 U.S.C. § 1332 because defendant and plaintiff are citizens of
28 different states and the amount in controversy is in excess of

5

1  $75,000.00.  Defendant contends 28 U.S.C. § 1367 grants this court
2  supplemental jurisdiction over the counter-claim.
3         B.    Contested.
4              (1)   Whether defendant's alleged debt is a breach of
5  the contract between the parties.
6              (2)   Whether plaintiff breached the agreement
7  between the parties.
8              (3)   Whether plaintiff must indemnify defendant for
9  claims defendant has received from over ten subcontractors and
10 suppliers to plaintiff on the Project.
11             (4)   What law applies to the claims by both parties
12 under the contract.
13        C.    Damages
14             Plaintiff is alleging damages in the amount of
15 5221,532.79, for amounts allegedly owed pursuant to the unpaid
16 invoices.  Defendant is alleging damages in excess of 5377,296.02,
17 which is based on damages for plaintiff's delay and insufficient
18 work on the Project, in addition to indemnification for claims
19 defendant has received from over ten subcontractors and suppliers
20 to plaintiff on the Project.
21    6.    Consent to Magistrate Judge Jurisdiction:
22             Pursuant to 28 U.S.C. § 636(c), all parties have
23 consented to conduct any and all further proceedings in this case,
24 including trial, before a U.S. Magistrate Judge, and have executed
25 the appropriate consent forms to effect same (Docs. 30-31).  On
26 September 23, 2011, Judge O'Neill (temporarily) ordered this case
27 reassigned to the docket of U.S. Magistrate Judge Sandra M. Snyder,
28 thereby (temporarily) changing the case number/initials (Doc. 34).

6

7.   Discovery Plan and Cut-Off Dates:

    A.   Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

    B.   Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

        (1)   <u>Depositions</u>:

            a.  Each side may take no more than ten (10) depositions.

            b.  A deposition shall be limited to one (1) day of seven (7) hours.  F.R.Civ.P.30(d).

        (2)   <u>Interrogatories</u>:

            a. "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."  F.R.Civ.P.33(a).

    C.   Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

    D.   The parties are ordered to complete all discovery pertaining to non-experts on or before February 15, 2012, and all discovery pertaining to experts on or before March 15, 2012.

    E.   The parties are directed to disclose all expert witnesses, in writing, on or before February 1, 2012, and all supplemental expert witnesses, in writing, on or before February 15, 2012.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall**

7

**include all information required thereunder**.  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8.   Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before March 22, 2012, and are heard on Fridays at 9:00 a.m. in Courtroom No. 8 on the Sixth Floor before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.  **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144.  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Courtroom Deputy Harriet Herman no later than five (5) court days prior to the noticed hearing date.  **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a**

8

**single conference call to chambers**.  If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

Regarding discovery disputes, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with the assigned Magistrate Judge by telephone or in person.  If the hearing is to be conducted by telephone, the Courtroom Deputy Clerk will inform counsel of the date and time of the hearing, and it shall be the responsibility of the moving party to initiate the telephonic conference call to chambers.  The recording of telephonic hearings or conferences with the Court is prohibited, except with prior permission of the Court.  The request for a hearing with a judicial officer carries with it a professional representation by the attorney that a conference has taken place and that s/he has made a good faith effort to resolve the dispute.

The attorneys or unrepresented parties shall supply the assigned Magistrate Judge with the particular discovery materials (i.e., objectionable answers to interrogatories) that are needed to understand the dispute.

If the assigned Magistrate Judge decides that motion papers and supporting memoranda are needed to satisfactorily

1  resolve the discovery dispute, such papers shall be filed in
2  conformity with Rule 7.  Such motions shall (1) quote in full each
3  interrogatory, question at deposition, request for admission, or
4  request for production to which the motion is addressed, or
5  otherwise identify specifically and succinctly the discovery to
6  which objection is taken or from which a protective order is
7  sought; and, (2) the response or objection and grounds therefor, if
8  any, as stated by the opposing party.
9          Unless otherwise ordered by the Court, the complete
10 transcripts or discovery papers need not be filed with the Court
11 pursuant to subsection (c) of this rule unless the motion cannot be
12 fairly decided without reference to the complete original.
13         All Dispositive Pre-Trial Motions shall be filed on or
14 before April 30, 2012, and are heard on Fridays at 9:00 a.m. in
15 Courtroom No. 8 on the Sixth Floor before the Honorable Barbara A.
16 McAuliffe, United States Magistrate Judge.  In scheduling such
17 motions, counsel shall comply with **Local Rules 230 and 260**.
18         **Motions for Summary Judgment or Summary Adjudication**
19         Prior to filing a motion for summary judgment or motion
20 for summary adjudication, the parties are **ORDERED** to meet, in
21 person or by telephone, and confer to discuss the issues to be
22 raised in the motion.
23         The purpose of the meeting shall be to: (1) avoid filing
24 motions for summary judgment where a question of fact exists; (2)
25 determine whether the respondent agrees that the motion has merit
26 in whole or in part; (3) discuss whether issues can be resolved
27 without the necessity of briefing; (4) narrow the issues for review
28 by the Court; (5) explore the possibility of settlement before the

parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

9.   Pre-Trial Conference Date:

July 24, 2012 at 10:30 a.m. in Courtroom No. 8 on the Sixth Floor before the Honorable Barbara M. McAuliffe, United States Magistrate Judge.

Ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R.Civ.P. 26(a)(3).

The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule 281(a)(2)**.  The parties are further ordered to submit a digital copy of their Joint Pretrial Statement in WordPerfect X3[1] format to Judge McAuliffe's chambers by e-mail to BAMOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California as to the obligations of counsel in preparing for the Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.

---

[1] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

11

10. Trial Date:

September 10, 2012 at 9:00 a.m. in Courtroom No. 8 on the Sixth Floor before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.

  A. This is a jury trial.

  B. Counsels' Estimate of Trial Time:

    7 days.

  C. Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.

11. Settlement Conference:

Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged.

12. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Not applicable at this time.

13. Related Matters Pending:

Plaintiff and Delaware North (the owner of the Property which is the subject of this action) were party to an action brought by one of plaintiff's suppliers on the Project in Mariposa County (case #9888). This action was brought against plaintiff for breach of contract and against Delaware North for foreclosure of a mechanic's lien. Defendant has paid the supplier the sum of $66,000.00 in order to resolve the mechanic's lien portion of the action against Delaware North, which has been dismissed.

14. Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient

1  administration of this case, all counsel are expected to
2  familiarize themselves with the Federal Rules of Civil Procedure
3  and the Local Rules of Practice for the Eastern District of
4  California, and to keep abreast of any amendments thereto.  The
5  Court must insist upon compliance with these Rules if it is to
6  efficiently handle its increasing caseload.  Sanctions will be
7  imposed for failure to follow the Rules as provided in both the
8  Fed.R.Civ.P. and the Local Rules.
9       15.  Compliance with Electronic Filing Requirement:
10           On January 3, 2005, the United States District Court for
11 the Eastern District of California became an electronic case
12 management/filing district (CM/ECF).  Unless excused by the Court,
13 or by Local Rule, attorneys shall file all documents electronically
14 in all actions pending before the court.  While Pro Se Litigants
15 are exempt from this requirement, the court will scan in all
16 documents filed by pro se litigants, and the official court record
17 in all cases will be electronic.  Attorneys are required to file
18 electronically in pro se cases.  More information regarding the
19 Court's implementation of CM/ECF can be found on the court's web
20 site at www.caed.uscourts.gov, including the Court's Local Rules
21 and the CM/ECF Final Procedures and User's Manual.
22           While the Clerk's Office will not refuse to file a
23 proffered paper document, the Clerk's Office will scan it and, if
24 improperly filed, notify the Court that the document was filed in
25 an improper format.  An order to show cause (OSC) may be issued in
26 appropriate cases regarding an attorney's disregard for the
27 requirement to utilize electronic filing, or other violations of
28 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

13

All counsel must be registered for CM/ECF. On-line registration is available at www.caed.uscourts.gov. Once registered, counsel will receive a login and password in approximately one (1) week. Counsel must be registered to file documents on-line. See L.R. 135(g). Counsel are responsible for knowing the rules governing electronic filing in the Eastern District. Please review the Court's Local Rules available on the Court's web site.

16. Effect of this Order:

The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

Scheduling orders are vital to the Court's case management. Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.

**THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

Dated:  October 14, 2011                          /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE