1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 STRANG HEATING AND AIR          )   **New/Temporary** Case No. (Doc. 34)
   CONDITIONING, INC., a           )   1:10-cv-01957-SMS      (Doc. 33)
12 California corporation,         )
                                   )   **SCHEDULING CONFERENCE ORDER**
13              Plaintiff,         )
                                   )   Expert Disclosure Deadline:
14 vs.                             )   2/1/12
                                   )
15 LAYTON CONSTRUCTION CO.,        )   Supplemental Expert
   INC., a Utah corporation;       )   Disclosure Deadline:
16 and SAFECO INSURANCE COMPANY    )   2/15/12
   OF AMERICA, a Washington        )
17 corporation,                    )   Discovery Deadline:
                                   )   2/15/12 (non-expert)
18              Defendants.        )   3/15/12 (expert)
   _____   )
19                                 )   Non-Dispositive Motion
   AND RELATED COUNTER-CLAIM.      )   Filing Deadline: 3/22/12
20 _____   )
                                       Dispositive Motion
21                                     Filing Deadline: 4/30/12

22                                     Settlement Conference Date:
                                       *not applicable at this time*
23
                                       Pre-Trial Conference Date:
24                                     7/24/12, 10:30am, Ctrm. 8/**BAM**

25                                     Trial Date: 9/10/12, 9:00am,
                                       Ctrm. 8/**BAM** (JT ~ 7 days)
26

27      1.   Date of Scheduling Conference:

28           September 22, 2011.

                                  1

2.   Appearances of Counsel:

Charles E. Brumfield, Esq., appeared telephonically on behalf of plaintiff.

Richard J. Wittbrodt, Esq., and Lynsey M. Eaton, Esq., of Gibbs, Giden, Locher, Turner & Senet, LLP, appeared telephonically on behalf of defendant.

3.   The Pleadings:

A.   Summary of the Pleadings.

Plaintiff's Contentions

Plaintiff is engaged in the business of air conditioning systems.  Defendant is a Utah corporation engaged in the business of general contracting.  Delaware North Companies is a Delaware corporation engaged in the business of hospitality, lodging, parks and resorts, and food service.  The real property that is the subject of this action is located in the City of Fish Camp, County of Mariposa, CA, and is commonly known and described as Tenaya Lodge, located at 1122 Highway 41, Fish Camp, CA, 93623 ("the Subject Property").  Delaware North was, and remains, the owner or reputed owner of the Subject Property.

Delaware North, as owner, entered into an original contract with defendant as prime contractor for the construction of a work of improvement on the Subject Property.  On or about May 29, 2009, plaintiff and defendant entered into a written agreement in which plaintiff agreed to furnish labor, services, equipment, and material for a work of improvement on the Subject Property. Between June 11, 2009 and June 23, 2010, pursuant to the above-described Agreement, plaintiff furnished a combination of labor, services, equipment, and material that was used and intended to be

used in the work of improvement on the Subject Property.  The labor, services, equipment, and material furnished by plaintiff has a reasonable and current market value of at least $471,760.00, which defendant agreed in writing to pay, and of which $221,532.79 remained unpaid at the time the lien claim was recorded and the time this action was filed.

Defendant's Contentions

Count I of defendant's Counter-Claim is based on alleged multiple breaches by plaintiff of the agreement between the parties.  Count II of defendant's Counter-Claim is based on express indemnity and the indemnity provision in the contract.  Defendant alleges plaintiff failed to timely perform its work in accordance with project schedules thereby delaying, interfering, and prolonging work with regard to major components of the Subject Property; failed to provide work which conformed to the specifications in the Subcontract Agreement and with industry standard; and, failed to pay its subcontractors and suppliers despite receiving funds from defendant to do so.

B.   Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

4.   Factual Summary:

A.   Admitted Facts which are deemed proven without further proceedings.

(1)   This matter arises from the remodel of the Tenaya Lodge at Yosemite located at 1122 Highway 41, Fish Camp, CA.

(2)   In or around May of 2009, defendant entered into a written agreement with Delaware North whereby defendant was to provide the services of a general contractor for the Project.

3

1          (3)   On or around May 29, 2009, defendant entered

2    into a subcontract agreement with plaintiff for $495,000.00 for

3    plaintiff to install the heating, ventilation, and air conditioning

4    at the Project.

5          (4)   Defendant and plaintiff executed change orders

6    to the contract reducing the contract total sum from $495,000.00 to

7    $473,547.00.

8          (5)   Defendant has paid plaintiff the total of

9    $250,477.21.

10         (6)   Furthermore, subsequent to the filing of the

11   instant matter, defendant paid one of plaintiff's suppliers the sum

12   of $66,000.00.

13       B.   Contested Facts by Plaintiff.

14         Because of causes wholly independent of any

15   performance issues with plaintiff, the Tenaya project fell well

16   behind schedule.  At a time at which plaintiff asserts it was not

17   in breach of contract, defendant made certain demands regarding

18   plaintiff sequencing and personnel that plaintiff asserts were

19   unreasonable and not in accordance with the contract.  Plaintiff

20   requested a change order which was declined by defendant.  Instead,

21   defendant claimed that plaintiff had breached the contract and

22   defendant thereafter retained the supplemental services of Blue

23   Mountain to work on plaintiff's scope of work.  Plaintiff asserts

24   that this action was legally unjustified and that the Blue Mountain

25   cost of "mitigation" must be wholly borne by defendant.  Plaintiff

26   worked on the Project until substantial completion but has been

27   paid nothing as to the third "stage" of the remodel.  This, in the

28   view of plaintiff, constitutes a material breach of contract by

4

defendant.  Because of this asserted defendant breach, plaintiff
could not pay many of its Tenaya vendors, nor has it received any
compensation as to its expended costs or profits as to this third
stage or phase.  Indeed, plaintiff asserts that it is owed for the
entirety of the project amount with one exception (monies released
by defendant many months after the filing of this action to US AIR,
one of plaintiff's Tenaya vendors that had recorded an independent
mechanic's lien on the Project and had caused a state court action
against the Owner to be filed to foreclose thereon).

        C.   Contested Facts by Defendant.

        Defendant alleges that plaintiff's work on the
Project was fraught with delay (e.g., lack of proper and number of
personnel on the Project, very short work weeks, etc.), poor
workmanship and lack of supervision.  Defendant alleges that, due
to plaintiff's lack of performance pursuant to the contract,
defendant was forced to supplement plaintiff's work forces with
another subcontractor.  Defendant further alleges that defendant
has received claims from over ten subcontractors and suppliers to
plaintiff on the Project, that plaintiff failed to pay such
subcontractors and suppliers and has demanded immediate
performance by defendant.  While defendant has disputed and
investigated these claims, it is certain that if any damage exists
they are a result of the performance or lack thereof by plaintiff.

    5.   Legal Issues:

        A.   Subject matter jurisdiction.

        Plaintiff contends that jurisdiction arises pursuant
to 28 U.S.C. § 1332 because defendant and plaintiff are citizens of
different states and the amount in controversy is in excess of

$75,000.00.   Defendant contends 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the counter-claim.

       B.   Contested.

            (1)   Whether defendant's alleged debt is a breach of the contract between the parties.

            (2)   Whether plaintiff breached the agreement between the parties.

            (3)   Whether plaintiff must indemnify defendant for claims defendant has received from over ten subcontractors and suppliers to plaintiff on the Project.

            (4)   What law applies to the claims by both parties under the contract.

       C.   Damages

            Plaintiff is alleging damages in the amount of 5221,532.79, for amounts allegedly owed pursuant to the unpaid invoices.   Defendant is alleging damages in excess of 5377,296.02, which is based on damages for plaintiff's delay and insufficient work on the Project, in addition to indemnification for claims defendant has received from over ten subcontractors and suppliers to plaintiff on the Project.

    6.   Consent to Magistrate Judge Jurisdiction:

            Pursuant to 28 U.S.C. § 636(c), all parties have consented to conduct any and all further proceedings in this case, including trial, before a U.S. Magistrate Judge, and have executed the appropriate consent forms to effect same (Docs. 30-31).   On September 23, 2011, Judge O'Neill (temporarily) ordered this case reassigned to the docket of U.S. Magistrate Judge Sandra M. Snyder, thereby (temporarily) changing the case number/initials (Doc. 34).

6

7.   Discovery Plan and Cut-Off Dates:

A.   Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

B.   Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

(1)   Depositions:

a.   Each side may take no more than ten (10) depositions.

b.   A deposition shall be limited to one (1) day of seven (7) hours.  F.R.Civ.P.30(d).

(2)   Interrogatories:

a.   "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."  F.R.Civ.P.33(a).

C.   Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

D.   The parties are ordered to complete all discovery pertaining to non-experts on or before February 15, 2012, and all discovery pertaining to experts on or before March 15, 2012.

E.   The parties are directed to disclose all expert witnesses, in writing, on or before February 1, 2012, and all supplemental expert witnesses, in writing, on or before February 15, 2012.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall**

**include all information required thereunder**.  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8.   Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before March 22, 2012, and are heard on Fridays at 9:00 a.m. in Courtroom No. 8 on the Sixth Floor before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.  **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144.  However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Courtroom Deputy Harriet Herman no later than five (5) court days prior to the noticed hearing date.  **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a**

**single conference call to chambers**.  If two or more attorneys
request to appear telephonically, then it shall be the obligation
and responsibility of the moving party(ies) to make prior
arrangements for the single conference call with an AT&T operator,
IF counsel do not have conference call capabilities on their
telephone systems, and to initiate the call to the court.

      Regarding discovery disputes, no written discovery
motions shall be filed without the prior approval of the assigned
Magistrate Judge.  A party with a discovery dispute must first
confer with the opposing party in a good faith effort to resolve by
agreement the issues in dispute.  If that good faith effort is
unsuccessful, the moving party shall then seek a prompt hearing
with the assigned Magistrate Judge by telephone or in person.  If
the hearing is to be conducted by telephone, the Courtroom Deputy
Clerk will inform counsel of the date and time of the hearing, and
it shall be the responsibility of the moving party to initiate the
telephonic conference call to chambers.  The recording of
telephonic hearings or conferences with the Court is prohibited,
except with prior permission of the Court.  The request for a
hearing with a judicial officer carries with it a professional
representation by the attorney that a conference has taken place
and that s/he has made a good faith effort to resolve the dispute.

      The attorneys or unrepresented parties shall supply the
assigned Magistrate Judge with the particular discovery materials
(i.e., objectionable answers to interrogatories) that are needed to
understand the dispute.

      If the assigned Magistrate Judge decides that motion
papers and supporting memoranda are needed to satisfactorily

9

1    resolve the discovery dispute, such papers shall be filed in
2    conformity with Rule 7.  Such motions shall (1) quote in full each
3    interrogatory, question at deposition, request for admission, or
4    request for production to which the motion is addressed, or
5    otherwise identify specifically and succinctly the discovery to
6    which objection is taken or from which a protective order is
7    sought; and, (2) the response or objection and grounds therefor, if
8    any, as stated by the opposing party.

9          Unless otherwise ordered by the Court, the complete
10   transcripts or discovery papers need not be filed with the Court
11   pursuant to subsection (c) of this rule unless the motion cannot be
12   fairly decided without reference to the complete original.

13         All Dispositive Pre-Trial Motions shall be filed on or
14   before April 30, 2012, and are heard on Fridays at 9:00 a.m. in
15   Courtroom No. 8 on the Sixth Floor before the Honorable Barbara A.
16   McAuliffe, United States Magistrate Judge.  In scheduling such
17   motions, counsel shall comply with **Local Rules 230 and 260**.

18              **Motions for Summary Judgment or Summary Adjudication**

19         Prior to filing a motion for summary judgment or motion
20   for summary adjudication, the parties are **ORDERED** to meet, in
21   person or by telephone, and confer to discuss the issues to be
22   raised in the motion.

23         The purpose of the meeting shall be to: (1) avoid filing
24   motions for summary judgment where a question of fact exists; (2)
25   determine whether the respondent agrees that the motion has merit
26   in whole or in part; (3) discuss whether issues can be resolved
27   without the necessity of briefing; (4) narrow the issues for review
28   by the Court; (5) explore the possibility of settlement before the

1   parties incur the expense of briefing a summary judgment motion;

2   (6) arrive at a joint statement of undisputed facts.

3        The moving party shall initiate the meeting and provide a

4   draft of the joint statement of undisputed facts.  In addition to

5   the requirements of Local Rule 260, the moving party shall file a

6   joint statement of undisputed facts.

7        In the notice of motion, the moving party shall certify

8   that the parties have met and conferred as ordered above or set

9   forth a statement of good cause for the failure to meet and confer.

10       9.   Pre-Trial Conference Date:

11       July 24, 2012 at 10:30 a.m. in Courtroom No. 8 on the

12  Sixth Floor before the Honorable Barbara M. McAuliffe, United

13  States Magistrate Judge.

14       Ten (10) days prior to the Pretrial Conference, the

15  parties shall exchange the disclosures required pursuant to

16  F.R.Civ.P. 26(a)(3).

17       The parties are ordered to file a **JOINT Pretrial**

18  **Statement pursuant to Local Rule 281(a)(2)**.  The parties are

19  further ordered to submit a digital copy of their Joint Pretrial

20  Statement in WordPerfect X3[1] format to Judge McAuliffe's chambers

21  by e-mail to BAMOrders@caed.uscourts.gov.

22       Counsels' attention is directed to **Rules 281 and 282 of**

23  **the Local Rules** of Practice for the Eastern District of California

24  as to the obligations of counsel in preparing for the Pre-Trial

25  Conference.  **The Court will insist upon strict compliance with**

26  **those Rules**.

27  ────────────────

28       [1] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

1        10.   Trial Date:

2              September 10, 2012 at 9:00 a.m. in Courtroom No. 8 on the

3   Sixth Floor before the Honorable Barbara A. McAuliffe, United

4   States Magistrate Judge.

5              A.   This is a jury trial.

6              B.   Counsels' Estimate of Trial Time:

7                   7 days.

8              C.   Counsels' attention is directed to **Rule 285 of the**

9   **Local Rules** of Practice for the Eastern District of California.

10       11.   Settlement Conference:

11             Should the parties desire a Settlement Conference, they

12  will jointly request one of the Court, and one will be arranged.

13       12.   Request for Bifurcation, Appointment of Special Master,

14  or other Techniques to Shorten Trial:

15             Not applicable at this time.

16       13.   Related Matters Pending:

17             Plaintiff and Delaware North (the owner of the Property

18  which is the subject of this action) were party to an action

19  brought by one of plaintiff's suppliers on the Project in Mariposa

20  County (case #9888).  This action was brought against plaintiff for

21  breach of contract and against Delaware North for foreclosure of

22  a mechanic's lien.  Defendant has paid the supplier the sum of

23  $66,000.00 in order to resolve the mechanic's lien portion of the

24  action against Delaware North, which has been dismissed.

25       14.   Compliance with Federal Procedure:

26             The Court requires compliance with the Federal Rules of

27  Civil Procedure and the Local Rules of Practice for the Eastern

28  District of California.  To aid the Court in the efficient

12

1   administration of this case, all counsel are expected to
2   familiarize themselves with the Federal Rules of Civil Procedure
3   and the Local Rules of Practice for the Eastern District of
4   California, and to keep abreast of any amendments thereto.  The
5   Court must insist upon compliance with these Rules if it is to
6   efficiently handle its increasing caseload.  Sanctions will be
7   imposed for failure to follow the Rules as provided in both the
8   Fed.R.Civ.P. and the Local Rules.

9        15.  Compliance with Electronic Filing Requirement:

10            On January 3, 2005, the United States District Court for
11   the Eastern District of California became an electronic case
12   management/filing district (CM/ECF).  Unless excused by the Court,
13   or by Local Rule, attorneys shall file all documents electronically
14   in all actions pending before the court.  While Pro Se Litigants
15   are exempt from this requirement, the court will scan in all
16   documents filed by pro se litigants, and the official court record
17   in all cases will be electronic.  Attorneys are required to file
18   electronically in pro se cases.  More information regarding the
19   Court's implementation of CM/ECF can be found on the court's web
20   site at www.caed.uscourts.gov, including the Court's Local Rules
21   and the CM/ECF Final Procedures and User's Manual.

22            While the Clerk's Office will not refuse to file a
23   proffered paper document, the Clerk's Office will scan it and, if
24   improperly filed, notify the Court that the document was filed in
25   an improper format.  An order to show cause (OSC) may be issued in
26   appropriate cases regarding an attorney's disregard for the
27   requirement to utilize electronic filing, or other violations of
28   these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

13

1          All counsel must be registered for CM/ECF.  On-line

2   registration is available at www.caed.uscourts.gov.  Once

3   registered, counsel will receive a login and password in

4   approximately one (1) week.  Counsel must be registered to file

5   documents on-line.  See L.R. 135(g).  Counsel are responsible for

6   knowing the rules governing electronic filing in the Eastern

7   District.  Please review the Court's Local Rules available on the

8   Court's web site.

9        16.  Effect of this Order:

10          The foregoing Order represents the best estimate of the

11  Court and counsel as to the agenda most suitable to bring this case

12  to resolution.  The trial date reserved is specifically reserved

13  for this case.  If the parties determine at any time that the

14  schedule outlined in this Order cannot be met, counsel are ORDERED

15  to notify the Court *immediately* so that adjustments may be made,

16  either by stipulation or by subsequent status conference.

17          Stipulations extending the deadlines contained herein

18  will not be considered unless accompanied by affidavits or

19  declarations and, where appropriate, attached exhibits which

20  establish good cause for granting the relief requested.

21          Scheduling orders are vital to the Court's case

22  management.  Scheduling orders "are the heart of case management,"

23  *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are

24  intended to alleviate case management problems.  *Johnson v. Mammoth*

25  *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling

26  conference order is not a frivolous piece of paper, idly entered,

27  which can be cavalierly disregarded without peril."  *Johnson*, 975

28  F.2d at 610.

1          **THEREFORE, FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT**

2   **IN THE IMPOSITION OF SANCTIONS.**

3

4   IT IS SO ORDERED.

5   **Dated:    October 14, 2011**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28